IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 07-56 |
| | ) |
| TIMOTHY HEFFNER | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a Motion to Intervene filed in the above-referenced closed criminal case by Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation ("movants") seeking leave to file a petition for disclosure pursuant to Federal Rule of Criminal Procedure 6(e). The government has filed a response. For the following reasons, the motion to intervene will be denied. Movants will be directed to file their petition for disclosure with the Clerk of Court for this district at a miscellaneous case number.

In February of 2007, a grand jury returned a fifteen-count indictment against Timothy Heffner at criminal case number 07-56 charging him with various fraud and tax offenses. The charges arose from an investigation conducted by the Criminal Investigation Division of the Internal Revenue Service ("IRS-CID") and the United States Postal Inspection Service into the activities of Heffner, the sole owner and stockholder of BioTechnology Corporation of America ("BCA"), and Robert Wandler, an employee of movant Sigma Aldrich.

The investigation revealed that Heffner and Wandler engaged in a scheme to defraud Sigma Aldrich. Basically, Heffner would purchase Sigma Aldrich chemicals from Wandler at sharply reduced prices, then sell products back to Sigma Aldrich at steeply inflated prices.

Heffner subsequently entered a plea of guilty to three of the fifteen counts and, on March 17, 2008, he was sentenced by this court to a term of imprisonment of 18 months. He also was ordered to pay restitution in the amount of $2,116,956.00, of which Heffner at the time of sentencing had already paid $1,977,956.00, leaving a restitution balance of $139,000.00, owed jointly and severally with Wandler.[1] After sentencing and the entry of judgment, the case at CR 07-56 was closed.

Movants now seek leave to intervene in that closed criminal case in order to file a petition for disclosure of a grand jury matter pursuant to Fed. R. Crim. P. 6(e). Specifically, movants seek disclosure of certain business records and other documents detailing transactions between Heffner, Wandler and others which had been subpoenaed by the government and which currently are in the custody and control of the United States Attorney's Office. Movants seek these records in connection with an action for accounting filed in the Court of Common Pleas of Allegheny

---

[1] Wandler initially was indicted in this district but his case ultimately was transferred to the Eastern District of Wisconsin.

2

County to determine the extent of their losses caused by the criminal conduct of Heffner and Wandler.

In response, the government notes, correctly, that there is no authority permitting intervention in a closed case. To the contrary, courts have held that it would be improper to allow intervention in a closed case. See, e.g., United States v. Armco Steel Corp., 458 F. Supp. 784 (W.D. Mo. 1978); Fuller v. Volk, 351 F.3d 323, 328 (3d Cir. 1965). Movants have cited no case law to the contrary. Accordingly, movants' motion to intervene in the above-referenced closed criminal case will be denied.

However, the government's response also concedes that disclosure of the requested documents in this case would be appropriate under Fed. R. Crim. P. 6(e). Thus, the only issue before this court appears to be the proper vehicle for filing a petition for disclosure under that rule. In Armco Steel, the court converted the pleadings into an independent proceeding at a civil docket number.

After consultation with the clerk's office, the court finds that the appropriate procedure in this case is for movants to file their petition for disclosure at a miscellaneous case number after paying the requisite filing fee, and the court hereby directs movants to do so.

3

In addition, Fed. R. Crim. P. 6(e)(3)(F), provides that a petitioner must serve the petition on, and the court must afford a reasonable opportunity to appear and be heard to, the United States Attorney, the parties to the underlying judicial proceeding, and any other party whom the court may designate. Accordingly, within five days of filing the petition for disclosure, movants shall serve that petition on the appropriate parties and provide the court with the names and mailing addresses of the parties to the ancillary judicial proceeding.

## ORDER

AND NOW, this 28th day of October, 2008, upon due consideration of the Motion to Intervene filed by Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation, IT IS ORDERED that said motion (Document No. 76) be, and the same hereby is, denied; and,

IT FURTHER IS ORDERED that Aldrich Chemical Company, Inc., and Sigma-Aldrich Corporation shall file their Petition for Disclosure pursuant to Federal Rule of Criminal Procedure 6(e) with the clerk of this court at a miscellaneous number, paying the requisite filing fee; and,

IT FURTHER IS ORDERED that, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(F), within five days of the filing of the petition, the petitioners shall provide the court with the

4

names and mailing addresses of the parties to the ancillary judicial proceeding and shall serve the petition on those parties, as well as the government, in order that the court may afford a reasonable opportunity for those parties to appear and be heard.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Paul E. Hull
    Assistant U.S. Attorney

    Charles Kelly, Esq.
    Christine Cosentino, Esq.
    Kelly Hayden LLC
    525 William Penn Place, Suite 3125
    Pittsburgh, PA 15219

    Cynthia Reed Eddy, Esq.
    J. Alan Johnson, Esq.
    Johnson & Eddy
    707 Grant Street
    1720 Gulf Tower
    Pittsburgh, PA 15219

AO 72
(Rev. 8/82)